```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
```
UNITED STATES,

                Plaintiff,                       **ORDER**

                -against-                      97 CR 877 (DRH)

VANCE and ROSIE BAKER,

                Defendants.
```
----------------------------------------------------X
```
**APPEARANCES:**

**Vance and Rosie Baker, Pro Se**
Federal Correctional Institution
331/2 Pembroke Station
Danbury, Connecticut 06811

**HURLEY, District Judge:**

       The Court is in receipt of Defendants' Motion "Under 60B Newly Discovered Evidence." The motion is predicated on Federal Rule of Civil Procedure 60(b), which is inapplicable to criminal proceedings. In reviewing the motion, however, it appears that what Defendants actually seek is relief pursuant to 28 U.S.C. § 2255.

       In *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), the Second Circuit held that district courts may not sua sponte convert post-conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 without first giving the defendant notice and an opportunity to decline the conversion or withdraw the motion. *Id.* at 584. This is because if the Court elects to treat the motion under § 2255, and then denies it, any subsequent motion brought by that defendant under § 2255 will be subject to the restrictions on second or successive motions set forth in 28 U.S.C. § 2255. That section provides that second or successive petitions may only be heard if they involve newly discovered evidence of a

potentially dispositive nature or a new and retroactive rule of constitutional law.

Accordingly, Defendants' motion for relief under Rule 60(b) is denied but without prejudice to convert their motion to habeas corpus petitions under 28 U.S.C. § 2255. Defendants are hereby put on notice, however, that any such conversion may cause the Defendants' subsequent filing of a motion under § 2255 to be barred as a second petition. Defendants shall separately advise the Court within 60 days of the date of this Order if they wish to so convert their motion.

    **SO ORDERED**

Dated: Central Islip, New York
       January 27, 2006

                                                           /s_____
                                                           Denis R. Hurley
                                                           United States District Judge