UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

                Plaintiff,          **ORDER TO SHOW CAUSE**
                                                  97-CV-877 (DRH)

    -v.-

VANCE BAKER,

                Defendant.
_____

**HURLEY**, Senior District Judge:

    The Court is in receipt of Defendant's "Motion in light of *Alleyne v. U.S.* and the original meaning of the Sixth Amendment." In reviewing the motion, it appears that Defendant actually seeks relief pursuant to 28 U.S.C. § 2255.

    In *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), the Second Circuit held that district courts may not sua sponte convert post-conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 without first giving the defendant notice and an opportunity to decline the conversion or withdraw the motion. *Id*. at 584. This is because if the Court elects to treat the motion under § 2255, and then denies it, any subsequent motion brought by that defendant under § 2255 will be subject to the restrictions on second or successive motions set forth in 28 U.S.C. § 2255. That section provides that second or successive petitions may only be heard if they involve newly discovered evidence of a potentially dispositive nature or a new and retroactive rule of constitutional law.

    Accordingly, Defendant's motion for relief is denied without prejudice to convert the motion into a habeas corpus petition under 28 U.S.C. § 2255. Defendant is hereby put on notice, however, that construing the motion as one under 28 U.S.C. § 2255 may cause Defendant's

1

subsequent filing of a motion under § 2255 to be barred as a second petition. Defendants shall separately advise the Court within 60 days of the date of this Order if they wish to convert their motion.

**SO ORDERED**.

Dated: Central Islip, N.Y.
June 4, 2014

_____/s/_____
Denis R. Hurley,
United States District Judge