UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

 - against -

VANCE BAKER,

                      Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

97-cr-877 (DRH)
20-cv-3143 (DRH)

**FILED**
**CLERK**

3:26 pm, May 06, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**HURLEY, Senior District Judge:**

**APPEARANCES**

**Breon Peace**
**United States Attorney for the**
**Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
By:   Charles N. Rose, Esq.

**Vance Baker**, *pro se*

**Anthony, L. Ricco, Esq.**
Attorney for Defendant/Petitioner
20 Vesey Street, Suite 400
New York, NY 11201

## INTRODUCTION

Presently the before the Court is the motion of Defendant/Petitioner Vance Baker ("Baker") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a) and *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons stated below, Baker's motion is denied.

## BACKGROUND

The following key facts come from a summary provided in the Second Circuit's decision in *United States. v. Baker*, 262 F.3d 124 (2d Cir. 2001) and this Court's

previous Memorandum and Order deciding the first set of Baker's postconviction motions, *United States v. Baker*, 2019 WL 4918104 (E.D.N.Y. Oct. 4, 2019).

Baker and his mother Rosie Baker ("Rosie") devised a scheme to defraud the government though a Brooklyn nonprofit for Medicaid services where Rosie was the director. The two diverted funds from the nonprofit's budget via kick-backs for certain medical procedures and via self-dealing rental and service contracts between the nonprofit and entities owned by Rosie. Between 1988 and 1996, Rosie appropriated almost $2 million from the nonprofit for her personal benefit.

The fraudulent scheme also involved Dr. Daniel Hodge, who provided medical services to the nonprofit's employees and paid kick-backs to Rosie. He and Rosie were romantically involved, but their relationship deteriorated when Dr. Hodge told police where Baker hid after Baker shot at a contractor renovating the nonprofit's office. Rosie threatened to kill Dr. Hodge, and Dr. Hodge threatened to go to the police with evidence of their fraud if she did not pay him money she owed. Dr. Hodge eventually sued Rosie in New York State court to collect those funds.

Rosie ultimately asked a former boyfriend—also involved in the fraud—to kill Dr. Hodge. He declined, and Rosie responded that she would get Baker to arrange it. Baker shot and killed Dr. Hodge himself; Rosie later told her former boyfriend that Baker made it look like a robbery.

On July 29, 1998, a jury convicted Baker on one count of conspiracy to commit murder with the intent to obstruct justice in violation of 18 U.S.C. § 371 (Count 1); one count of murder with intent to obstruct justice in violation of 18 U.S.C.

§ 1512(a)(1) (Count 2); one count of conspiracy to use a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(o) (Count 3); one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 4); and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k), § 924(a)(1)(B) (Count 6).  Baker also pled guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286.

The Honorable Jacob Mishler sentenced Baker to life imprisonment for murder, conspiracy to commit murder, and conspiracy to use a firearm; 46 months concurrent for conspiracy to defraud; 60 months consecutive for use of a firearm; 78 months concurrent for possession of a firearm with an obliterated serial number; and ordered Baker to pay $1,926,576.00 in restitution to the New York City Human Resources Administration.

On appeal, the Second Circuit held that Judge Mishler's instructions permitted the jury to convict Baker on Count 2 "without finding that the government had proved beyond a reasonable doubt every element of the crime of murder."  262 F.3d at 133. The Circuit vacated the sentence and remanded to the District Court for resentencing.  The case was then reassigned to the undersigned because Judge Mishler had passed away in the interim.

This Court resentenced Baker to 5 years' imprisonment on Count 1; 10 years' imprisonment on Count 2 under the lesser included offense of obstruction of justice through physical force;  20 years' imprisonment on Count 3; 5 years' imprisonment on Count 4; 5 years' imprisonment on Count 6; and 5 years' imprisonment for

conspiracy to defraud the United States. *See* Am. Judgment, No. 97-CR-877 [DE 280]. All counts run consecutively for a total of 50 years' imprisonment.

Since his conviction, Baker has made several motions for postconviction relief. On September 8, 2015, for example, Baker filed a § 2255 petition alleging ineffective assistance of counsel. [DE 307]. On September 24, 2019, Baker filed an application with the Second Circuit for leave to file the instant habeas petition – calling it a second or successive § 2255 petition even though this Court had not yet ruled on the first one. [DE 316]. This Court denied Baker's first petition on October 4, 2019. [DE 339]. Then, on July 14, 2020, the Second Circuit denied Baker's application to file the instant "second" petition as unnecessary and transferred it to this Court "for whatever further action the district court finds appropriate, as if it had been filed directly in the district court." [DE 353].

The Government opposed the instant petition on October 19, 2020. [DE 366]. On March 4, 2021, Anthony L. Ricco, Esq. appeared on Baker's behalf. [DE 374]. Ricco filed a memorandum in support of Baker's petition on November 26, 2021. [DE 387]. Ricco filed a second memorandum in support on December 20, 2021, [DE 388], which the Government opposed on January 14, 2022, [DE 389].

## DISCUSSION

Baker's successive § 2255 petition asks the Court to vacate his convictions under (i) 18 U.S.C. § 924(o), for which the Court sentenced him to 20 years imprisonment, and (ii) 18 U.S.C. § 924(c), for which the Court sentenced him to 5 years imprisonment. Specifically, he argues that the predicate offenses to each—18

U.S.C. § 371 conspiracy to commit murder with the intent to obstruct justice and 18 U.S.C. § 1512(a)(2)(C) obstruction of justice through physical force[1]—are not "crimes of violence," in that they do not require physical force.

The Court first outlines the legal analysis for determining whether the predicate crimes to Baker's § 924 convictions are "crimes of violence." The Court then applies that analysis to the predicate crimes. Because there are two, the Court then explains and applies the analysis applicable where there are two predicate crimes, only one of which is a crime of violence.

## I. Section 924 "Crimes of Violence"

Under § 924(c) of the Armed Career Criminal Act of 1984 ("ACCA"), a defendant using or carrying a firearm during, or possessing a firearm in furtherance of, a "crime of violence" receives a "term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A). Under § 924(o), any person "conspir[ing] to commit an offense under subsection (c)," *i.e.* § 924(c), receives a term of imprisonment of "not more than 20 years," a fine, or both. *Id.* § 924(o). Both subsections (c) and (o) are therefore analyzed in the same fashion, in that they both require a predicate "crime of violence" conviction. The statute defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1] *See infra* page 7–9. At the time of Baker's conviction this offense was codified at 18 U.S.C. § 1512(b)(3).

*Id.* § 924(c)(3).

The Supreme Court recently held Subsection (B)—known as the "Residual Clause"—unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). Accordingly, a predicate offense qualifies constitutionally as a "crime of violence" only if it fits the criteria in Subsection (A), the "Force Clause" *Id.* Distilled, a felony "offense is a crime of violence, for ACCA purposes, [only] if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Figueroa*, 2021 WL 1191615, at *5 (S.D.N.Y. Mar. 30, 2021) (internal quotation marks omitted) (quoting 18 U.S.C. § 924(c)(3)(A)). "Physical force" in this context connotes "violent force" or "force capable of causing physical pain or injury." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

To assess whether the predicate offenses underlying Baker's § 924 convictions are "crimes of violence," the Court must identify their elements. That entails analyzing the extent to which each predicate offense statute is divisible. An indivisible statute "creates only a single crime," even if it "spells out various factual ways of committing some component of the offense"; a divisible statute lists its elements "in the alternative and, in doing so, creates a separate crime associated with each alternative element." *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

To determine whether an indivisible statute's elements reflect a "crime of violence," courts take a "categorical approach." *Id.* Under this approach, the court "identif[ies] 'the minimum criminal conduct necessary for conviction" under the

statute by analyzing "how the law defines the [predicate] offense" and not "how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008); *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quoting *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam)). If "reality, logic, and precedent" illustrate "'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence," then §§ 924(c) and (o) do not apply. *See Hill*, 890 F.3d at 56 (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)). Otherwise, the predicate offense reflects a crime of violence, and §§ 924(c) and (o) apply.

To determine whether a divisible statute's elements reflect a "crime of violence," courts take a "modified categorical approach." *Descamps v. United States*, 570 U.S. 254, 260 (2013). Because divisible statutes create separate crimes, a court first "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine" which of the divisible statute's "crime[s], with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. Once revealed, a court applies the categorical approach to that crime. *Id.*

Here, the Court address the counts in reverse order, first analyzing Count 2 and then Count 1.

## II.   Count 2

Count 2 against Baker charged him with murder with intent to obstruct justice in violation of 18 U.S.C. § 1512(a)(1)(C). At trial, then-presiding Judge Jacob Mishler

intended—but, per the Second Circuit, unsuccessfully—to instruct the jury with respect to that offense. He stated, in relevant part:

> In order to prove the defendant guilty of the charges in Count 2 of the indictment, the government must prove each of the following elements beyond a reasonable doubt.
>
> First, that on or about the date charged, the defendant used physical force or attempted to do so.
>
> Second, that the defendant acted knowingly and with intent to prevent Dr. Daniel Hodge from communicating to a law enforcement officer or judge of the United States information relating to the commission or possible commission of a federal offense.
>
> . . .
>
> The first element the government must prove beyond a reasonable doubt is that the defendant used physical force or attempted to do so. Physical force is self-explanatory. In this case, the murder of Dr. Daniel Hodge constitutes physical force.

Tr. of Jury Instructions at 2303:4–20, Ex. A to Gov't Opp. [DE 366-1].

The instructions reveal, and the Second Circuit subsequently observed, that the jury "was told that the government must prove that 'the defendant used physical force,' not that the defendant murdered anyone." *United States v. Baker*, 262 F.3d 124, 133 (2d Cir. 2001). This wording "charg[es] only on the essential elements of the lesser included offence of using physical force under [then] section 1512(b)." *Id.* at 126. The Circuit held, accordingly, that Baker "cannot be sentenced on [Count 2] for murder," to wit, for a violation of 18 U.S.C. § 1512(a)(1)(C). *Id.* at 133. He had to be sentenced for a violation of the lesser included offense then-codified at 18 U.S.C. § 1512(b). In line with that holding, this Court construes Baker's conviction on Count 2 to reflect a violation of § 1512(b).

>At the time of Baker's conviction, § 1512(b) read:
>
>Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
>
>>(1) influence, delay, or prevent the testimony of any person in an official proceeding;
>>
>>(2) cause or induce any person to--
>>
>>>(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>>>
>>>(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
>>>
>>>(C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>>>
>>>(D) be absent from an official proceeding to which such person has been summoned by legal process; or
>>
>>(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;
>
>shall be fined under this title or imprisoned not more than ten years, or both.

Beyond the obviously divisible elements reflected in the numbered subsections, § 1512(b) is further divisible in that it opens with several elements listed in the alternative: *i.e.*, "whoever [i] knowingly uses intimidation or physical force, [ii] threatens, *or* [iii] corruptly persuades another person, or attempts to do so, *or* [iv] engages in misleading conduct toward another person." *See id.* (emphasis added). The disjunctive "or" reveals the list does not reflect "illustrative examples" of one "crime's means of commission." *Mathis*, 136 S. Ct. at 2256. In the typical case, a

"prosecutor [would] charge[] one of [these] alternatives, and the judge [would] instruct[] the jury accordingly." *See Descamps*, 570 U.S. at 261–62.

This divisible statute calls for the modified categorical approach to determine the § 1512(b) crime for which the jury convicted Baker. The Court turns again to the jury instructions. As quoted above, Judge Mishler expressly used the term "physical force" and invoked subsection (b)(3)'s language. *See* Tr. of Jury Instructions at 2303:4–14. Therefore, the jury convicted Baker on Count 2 of violating § 1512(b)(3) via the use of physical force.[2]

The next step is to analyze whether the minimum conduct satisfying obstruction of justice through physical force is a "crime of violence" under § 924(c)'s Force Clause. Specifically, whether there is a realistic probability that it can be accomplished without "the use, attempted use, or threatened use of physical force."

---

[2] Even if the Court construed Baker's conviction on Count 2 under the offense charged in the indictment, and not under the offense for which he was sentenced, the count is still a "crime of violence" satisfying § 924(c)(3)(A)'s Force Clause. At the time of Baker's conviction, the offense charged in Count 2 of the indictment, § 1512(a)(1)(C), read:

> Whoever kills or attempts to kill another person, with intent to prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings shall be punished as provided in paragraph (2).

18 U.S.C. § 1512(a)(1)(C). Its text plainly requires "kill[ing] or attempt[ing] to kill another person," *id.*, which, at a minimum, would constitute "the use, attempted use, or threatened use of physical force," *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019) (finding "no merit" to a challenge to federal witness tampering convictions under 18 U.S.C. § 1512(a)(1)(C) because the statute "requires the unlawful killing of another, which may be accomplished by force exerted either directly or indirectly"); *United States v. Dhinsa*, 2020 WL 7024377, at *3 (E.D.N.Y. Nov. 30, 2020) ("Dhinsa's conviction for informant murder . . . is a crime of violence . . . .").

18 U.S.C. § 924(c)(3)(A). It cannot. "[I]n every instance[,] by its very definition," this statute "involves the use of force." *United States v. Martinez*, 991 F.3d 347, 353 (2d Cir. 2021). On its face, it calls for the knowing use, or attempted use, of intimidation or physical force, which makes it a "crime of violence." 18 U.S.C. § 924(c)(3)(A); *see Intimidate*, Oxford English Dictionary (2d ed. 1989) ("To render timid, inspire with fear; to overawe, cow; in modern use esp. *to force to or deter from some action by threats or violence*." (emphasis added)).

In conclusion, Count 2 reflects a crime of violence and thus a constitutional predicate for Baker's § 924 convictions.

### III. Count 1

The Government does not contend Baker's 18 U.S.C. § 371 conviction for conspiracy to commit murder with intent to obstruct justice reflects a "crime of violence." *See* Gov't Resp. [DE 366]; Gov't Suppl. Resp. [DE 389]. The Court thus declines to reach that issue. Instead, the Court assumes, without deciding, that conspiracy to commit murder with the intent to obstruct justice is not a "crime of violence" under § 924. *E.g.*, *Abrue v. United States*, 2020 WL 4570338, at *3 n.6 (S.D.N.Y. Aug. 7, 2020).

### IV. Section 924 Convictions Arising from One Valid and One Invalid Predicate

Baker's § 924 convictions arise from one valid predicate (Count 2) and one invalid predicate (Count 1), or both. Where "a jury is instructed on both valid and invalid predicate offenses, the conviction stands if the verdict 'undoubtedly rests on a valid . . . predicate.'" *Sessa v. United States*, 2020 WL 3451657, at *3 (E.D.N.Y.

June 24, 2020) (quoting *United States v. Vasquez*, 672 Fed. App'x 56, 61 (2d Cir. 2016)). That is, the mere presence of an invalid predicate does not automatically nullify § 924 convictions. *United States v. Minaya*, 841 Fed. App'x. 301, 303–05 (2d Cir. Jan. 22, 2021); *Cooper v. United States*, No. 16-1925, Dkt. 42, at 1 (2d Cir. Feb. 20, 2019); *United States v. Walker*, 789 Fed. App'x 241, 244–45 (2d Cir. Oct 4, 2019); *United States v. Riley*, 2021 WL 2186229, at *4 (E.D.N.Y. May 28, 2021); *Dhinsa*, 2020 WL 7024377, at *3; *United States v. Erbo*, 2020 WL 6802946, at *2 (S.D.N.Y. Nov. 19, 2020).

Returning to Judge Mishler's instructions, those for Count 3—the § 924(o) count—read as follows:

> Count 3 of the superseding indictment [alleges] that on or about and between June 23, 1997 and June 26, 1997, the defendant[] Vance Baker . . . with others did knowingly and intentionally conspire to use a firearm during and in relation to crimes of violence as charged in Counts 1 and 2 of the indictment. That is the murder of Dr. Hodge.

Tr. of Jury Instructions at 2304:14–22. On Count 4, the § 924(c) count, he told the jury, in relevant part,

> Count 4 of the indictment charges the defendant Vance Baker with using a firearm during and in relation to a crime of violence.
> . . .
> In essence, [Count 4] charges the defendants with using a firearm in violation of the law while[,] as the government contends, those defendants committed the murder of Dr. Hodge, as charged in Counts 1 and 2.

*Id.* at 2304:25–2305:2, 8–12. The verdict undoubtedly rested the § 924 convictions on the act of murdering Dr. Hodge. *Id.* at 2304:21–22 ("That is the murder of Dr. Hodge."); *id.* at 2305:12–12 ("while[,] as the government contends, those defendants

committed the murder of Dr. Hodge"). That act implicates Count 2, the valid predicate. A conspiracy to commit that act—viz. a conspiracy to murder, Count 1—is a separate matter and not dependent on the murder actually occurring. *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."). Judge Mishler did not instruct the jury on Counts 3 and 4 with reference to any conspiracy to murder. He instructed them that the crime of violence was the murder itself.

Therefore, Baker's § 924 convictions rested on a valid "crime of violence" predicate and are therefore proper. Baker's motion to vacate is denied.

## CONCLUSION

For the reasons discussed above, Baker's motion to vacate is denied. His convictions under § 924(c) and § 924(o) arose from his conviction for obstruction of justice through physical force. By definition, that predicate requires physical force and is a crime of violence under the § 924(c)(3)(A) Force Clause. Baker's § 924 convictions are not unconstitutional.

**SO ORDERED.**

Dated: Central Islip, New York　　　　　　s/ Denis R. Hurley
　　　　May 6, 2022　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　United States District Judge