```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VANCE BAKER,
                   Petitioner,
                                              ORDER
          -against-                           97-CR-0877(JS)

UNITED STATES OF AMERICA,

                   Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Vance Baker, Pro Se
                    FCI Beaumont Medium
                    P.O. Box 26040
                    Beaumont, TX 77720

                    Anthony, L. Ricco, Esq.
                    20 Vesey Street, Suite 400
                    New York, New York  11201

For Respondent:     Charles N. Rose, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York  11201
```

SEYBERT, District Judge:

Before the Court is Petitioner Vance Baker's Application for a Certificate of Appealability, (see Application, ECF No. 392), as to the May 6, 2022 denial of his Section 2255 Petition, (see M&O, ECF No. 390).  For the reasons that follow, the Application is DENIED.

In the May 6, 2022 Memorandum & Order denying of the Section 2255 Petition, the Honorable Denis R. Hurley did not address whether Petitioner is entitled to a Certificate of

Appealability.[1]  (See generally M&O.)  On July 5, 2022, Petitioner filed the instant Application.  His counsel filed a Supplemental Memorandum in Support of the Application on July 6, 2022.  (See Supp. App., ECF No. 393.)  The matter was reassigned to the undersigned on July 7, 2022.

In his Application, Petitioner contends the Judge Hurley "ignored" two arguments raised in his "reply to government's declaration in opposition."  (Supp. App. at 4).  First, that his § 924 convictions "hypothetically could have been predicated on jury findings regarding the lesser-included charge of the former 18 U.S.C. § 1512 that involve[] only 'corrupt persuasion' and not 'physical force.'"  (Id.)  Second, that his § 924 convictions could not be "predicated on the lesser-included charge" in the 18 U.S.C. § 1512(a)(1) murder with intent to obstruct justice count because "the lesser-included charge was not presented to the Grand Jury and therefore was an impermissible constructive amendment of the Indictment in violation of the Fifth Amendment."  (Id.).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

---

[1] The Court assumes the parties' familiarity with Petitioner's Section 2255 Petition (ECF No. 316), in which he asked the Court to vacate his § 924(c) and § 924(o) convictions because, in his view, the predicate offenses to each -- 18 U.S.C. § 371 conspiracy to commit murder with the intent to obstruct justice and 18 U.S.C. § 1512(a)(2)(C) obstruction of justice through physical force -- are not "crimes of violence."  The Court also assumes the parties' familiarity with the M&O rejecting the arguments raised in support.

constitutional right." 28 U.S.C. § 2253(c)(2). To the extent not explicitly stated in Judge Hurley's M&O, the Court now expressly finds that Petitioner fails to make this substantial showing. The arguments presented in his Application lack merit and provide no legitimate basis to issue a Certificate of Appealability.

First, as fully discussed in the M&O, former 18 U.S.C. § 1512 was a divisible statute listing its elements in the alternative, thereby creating a separate crime associated with each alternative element. (M&O at 9-10 (quoting § 1512(b)).) As a result, for the § 924 "crime of violence" analysis, "knowingly us[ing] intimidation or physical force" to obstruct justice is a different crime than "corruptly persuad[ing] another" to obstruct justice. (See id.) Accordingly, the Court followed the Supreme Court's instruction not to look at the minimum conduct necessary for a conviction until after employing the modified categorical approach to determine the crime of which the jury convicted Petitioner. (See id. (citing Mathis v. United States, 136 S. Ct. 2243, 2256 (2016) and Descamps v. United States, 570 U.S. 254, 261-62 (2013)).) The Honorable Jacob Mishler's jury instructions reflect that he expressly charged the jury with obstruction of justice through "physical force," never once mentioning "corrupt[] persua[sion]." (Id. (citing Tr. of Jury Instructions at 2303:4-20, Ex. A to Gov't Opp., ECF No. 366-1).) The Court thus needed only to look at the hypothetical conduct necessary for an

3

obstruction of justice through physical force conviction. (Id. at 10-11). Petitioner is therefore incorrect that his § 924 convictions "hypothetically could have been predicated on" corrupt persuasion findings.

For similar reasons, Petitioner's reliance on United States v. Capers, 20 F.4th 105 (2d Cir. 2021), is unpersuasive. True, like Petitioner, Capers challenged a § 924 conviction as not being predicated upon a crime of violence. In Capers, however, a general verdict sheet prevented the Second Circuit from determining which of two predicates the § 924 conviction rested upon. Id. at 116-128. Here, by contrast, the M&O established that Petitioner's § 924 convictions "undoubtedly rested" upon a valid predicate. (See M&O at 12-13.)

Second, predicating his § 924 convictions on the lesser-included charge in the 18 U.S.C. § 1512(a)(1) obstruction of justice through murder charge does not amount to an "impermissible constructive amendment of the Indictment in violation of the Fifth Amendment." Federal Rule of Criminal Procedure 31(c)(1) provides that "[a] defendant may be found guilty of . . . an offense necessarily included in the offense charged." The Second Circuit has "made clear that an 'indictment need not charge the defendant with the lesser-included offense in order for the trial court to submit that offense to the jury.'" United States v. Taylor, 816 F.3d 12, 18 (2d Cir. 2016) (quoting United States v. Dhinsa, 243

4

F.3d 635, 674 (2d Cir. 2001)). Petitioner does not argue he lacked "notice of the 'core of criminality to be proven at trial'" nor that the presentation of evidence and jury instructions "modif[ied] the essential elements of the offense charged." Id. (quoting United States v. D'Amelio, 683 F.3d 412, 416-17 (2d Cir. 2012)). As such, and like the first argument, Petitioner's second argument is wrong.

The Court further notes that this second argument was not raised in the Petitioner's opening § 2255 papers; rather, it was first raised in his counsel's "reply" filed sixteen months after Petitioner filed his opening papers and thirteen months after the Government responded thereto. The Court was entitled to disregard it on that basis alone. Farmer v. United States, 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017) (Nathan, J.) ("Courts have repeatedly held that arguments raised for the first time in reply briefs are waived, and courts have routinely applied this rule to pro se litigants.").

On the whole, Petitioner has not made a substantial showing of the denial of his constitutional rights, and the M&O thus does not warrant a Certificate of Appealability. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Patrol, 209 F.3d 107, 111-12 (2d Cir. 2000).

**Now, (1) pursuant to 28 U.S.C. § 2253(c)(2); (2) for the reasons articulated above and in its M&O; and (3) to make explicit**

5

**what was implicit in its M&O, the Court denies Petitioner's Application and thus declines to issue to a Certificate of Appealability as to the denial of Petitioner's Section 2255 Petition**.

CONCLUSION

Accordingly, **IT IS ORDERED**, the Application (ECF No. 392) is **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Petitioner at his address of record, including the notation "Legal Mail" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July  18 , 2022
         Central Islip, New York

6